HAWTHORNE, Justice.
The defendant Georgia Williams, an entertainer at the Gunga Den, 323 Bourbon Street, New Orleans, was charged in a bill of information with having violated the obscenity statute, R.S. 14:106(A) (4), in her performance on the night of January 11, 1963, in that she intentionally performed in the presence of other persons, with the intent of arousing sexual desire, lewd, lascivious, and sexually indecent dancing, posing, and body movements. Upon conviction she was sentenced to pay a fine of $500.00 and to serve 30 days in jail, and to serve 30 days in default of payment of the fine.
On this appeal she urges that the district court erred in overruling her demurrer and motion to quash for the reason that R.S. 14:106(A) (4) is unconstitutional and violates Article 1, Sections 9 and 10, of the Louisiana Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution because the statute is ■so vague, indefinite, and ambiguous that it fails to define the criminal activity prohibited with sufficient clarity for an accused to be informed of the nature and cause of the accusation against him and to properly prepare his defense.
This court in a .decision which became final on March 21, 1960, State v. Christine, 239 La. 259, 118 So.2d 403, held that the predecessor of the statutory provision under which the defendant here was charged, R.S. 14:106(3), was so vague and indefinite as to be unconstitutional. That provision read:
“Obscenity is the intentional:
«* * *
“(3) Performance by any person * * * in any public place or in any public manner, of any act of lewdness or indecency, grossly scandalous and tending to debauch the morals and manners of the people;
•« h= h< * ”
The court considered that “the performance of any act of lewdness or indecency” was so vague and indefinite as to be objectionable and lacked the clarity of “lewd dancing” which had been found to be sufficiently descriptive in State v. Rose, 147 La. 243, 84 So. 643, “for the reason that the adjective ‘lewd’, though susceptible of more than one definition or meaning, ceased to be ambiguous when taken in its context as a modifier of ‘dancing’, a noun having a specific, fixed, and well accepted meaning”. State v. Christine, 239 La. 259, 291, 118 So.2d 403, 414. In June, 1960, the Legislature by Act 199 amended R.S. 14:106 *893 so that adjectives with connotations of obscenity, “lewd, lascivious, and sexually indecent”, modified nouns ■ having specific, clear, and well accepted meanings, “dancing”, “posing”, and “body movement,” and thus clarified the statute in accordance with the views in State v. Rose, supra. The statute as amended, R.S. 14:106 (A) (4), now reads:
“Obscenity is the intentional:
“ * * *
“(4) Performance by any person or persons in the presence of another person or persons with the intent of arousing sexual desire, of any lewd, lascivious, sexually indecent dancing, lewd, lascivious or sexually indecent posing, lewd lascivious or sexually indecent body movement.
t( ‡ >;? >*< f>
We are of the opinion that the vagueness and indefiniteness found by this court in the previous statutory provision has been overcome by this amendment, and that the statute is no longer objectionable on those grounds. The case of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, relied upon by appellant does not in our view support her argument on the unconstitutionality of this provision of the obscenity statute. The district court was therefore correct in overruling the demurrer and motion to quash.
For the reasons assigned the conviction and sentence are affirmed.