193 So.2d 774

**STATE of Louisiana**

v.

**R. FULMER.**

**No. 48217.**

Jan. 16, 1967.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Joseph F. Grefer, Asst. Dist. Atty., for appellant.

Gaudin & Edwards, Robert D. Edwards, Gretna, for appellee.

FOURNET, Chief Justice.

The state is appealing from the judgment of the juvenile court in and for the parish of Jefferson because of the action of the trial judge in sustaining the defense motion to quash the Bill of Information [1] which charged the accused with contributing to the delinquency of a juvenile, in vio-

---

1. The information charged that R. Fulmer "did commit the crime of contributing to the delinquency of a juvenile as defined in R.S. 14:92 in that he, being over the age of 17 years, did wilfully and unlawfully aid, entice and permit one Georgia Phyllis Crocket, a child under the age of 17 years, to perform a sexually immoral act."

lation of R.S. 14:92, and ordering him discharged.

Section 7 of R.S. 14:92 as originally enacted in 1942[2] was declared unconstitutional by this court in State v. Vallery, 212 La. 1095, 34 So.2d 329, on the ground that the word "immoral" as used in Section 7 thereof, denouncing the crime of contributing to the delinquency of a juvenile, has a meaning of such vagueness, indefiniteness and uncertainty it does not define the type of action sought to be denounced, leaving it to each court to determine in any given case what constitutes "immoral." In the next session of the legislature this article was amended and re-enacted by Act No. 388 of 1948, the pertinent part of which now reads: "Contributing to the delinquency of juveniles ·is the intentional enticing, aiding, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen to: * * * (7) Perform any sexually immoral act".[3]

In his reasons for maintaining the motion to quash, the trial judge states that "the addition of the word 'sexually' would not in effect place the defendant upon such guard as he could intelligently defend himself of the crime with which he was charged because of its unclarity."

Following this court's decision in State v. Kraft, 214 La. 351, 37 So.2d 815, which declared R.S. 14:106(2), denouncing the offense of obscenity as the " '[p]roduction, sale, exhibition, possession with the intent to display, or advertisement of any indecent print, written composition, model or instrument' " to be unconstitutional on the basis of our decisions in State v. Truby, 211 La. 178, 29 So.2d 758, and State v. Vallery, supra, the legislature, as in the case at bar, amended R.S. 14:106(2) by simply adding the word "sexually" before "indecent print;" and, as thus amended and re-enacted, the statute was declared to be constitutional in State v. Roth, 226 La. 1, 74 So.2d 392.

In its reasons for judgment, the court stated: "It was held in the Kraft case that the word 'indecent' was too broad and in the Vallery and Truby cases the word 'immoral' was held to be too broad. In the present case the words 'sexually indecent' are well defined and have an accepted meaning that is not susceptible to misunderstanding." This holding was reaffirmed in State v. Esposito, 226 La. 114, 75 So.2d 27. See, also, State v. Rose, 147 La. 243, 84 So. 643 and State v. Williams, 248 La. 890, 182 So.2d 526.

2. R.S. 14:92 then provided: "Contributing to the delinquency of juveniles is the intentional enticing, aiding, or permitting, by anyone over the age of 17, of any child under the age of 17 to: * * * (7) Perform any immoral act".

3. R.S. 14:92 was amended again in 1962 by merely adding Section A, which has no pertinence here.

We think the legislature in defining the offense of contributing to the delinquency of a juvenile in Section 7 of Article 92 of the Criminal Code, as amended in 1948, clearly intended to limit the offense to immoral acts involving sex. The words "sexually immoral," as held in the Roth case, "have an accepted meaning that is not susceptible to misunderstanding." We therefore conclude the statute is constitutional and that the trial judge erroneously sustained the motion to quash.

For the reasons assigned, the judgment of the trial court is reversed, the motion to quash the Bill of Information is overruled, and the case is remanded to the court below for further proceedings in accordance with law.

193 So.2d 775