221 So.2d 39

**STATE of Louisiana**

v.

**Speedia King WILLIS.**

No. 49370.

March 31, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Alfred R. Ryder, Asst. Dist. Atty., for appellant.

Paul Tate, Mamou, for appellee.

HAMLIN, Justice.

The State of Louisiana appeals to this Court from a judgment of the trial court which held Section A(7) of LSA–R.S. 14:-92 to be unconstitutional and granted a motion to quash filed by defendant.

Defendant was charged by affidavit in that he "on or about the 29 day of February, 1968 * * * did unlawfully Contribute to the delinquency of a juvenile, to-wit * * * born November 30, 1952, an unmarried minor female person by intentionally enticing, aiding and permitting the said * * * to perform sexual intercourse with Speedia Willis, in violation of R.S. 14:92(7)."

LSA–R.S. 14:92(7) recites:

"Contributing to the delinquency of juveniles

"A. Contributing to the delinquency of juveniles is the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
"* * *

"(7) Perform any sexually immoral act; or"

Defendant's motion to quash alleged that, "R.S. 14:92(7) is so vague, indefinite, contradictory and uncertain of meaning as to fail to inform the accused of the crime

charged and is unconstitutional under Louisiana Constitution Art. 10, Sec. 1 [Art. I, Sec. 10, La.Const. of 1921]." In sustaining the motion, the trial court stated:

"This was the same argument used in State v. Vallery, 212 La. 1095, 34 So.2d 329, involving the same statute and section which read 'Perform any immoral act'. The Supreme Court held that 'immoral' was too indefinite a term and that therefore the Statute was unconstitutional. Thereafter, apparently the legislature in an effort to correct the statute changed it to 'any sexually immoral' act. While this does particularize the offense somewhat, I still have serious doubts that this is sufficient. I still believe the statute is too vague and indefinite and does not sufficiently apprise the public of the offense. Accordingly, it is my belief that Article 92(7) is unconstitutional and accordingly the Motion to Quash should be granted."

Posed for our determination is the constitutionality vel non of Paragraph (7) of Section A of LSA–R.S. 14:92. This paragraph originally recited, "perform any immoral act." Louisiana Criminal Code, Act 43 of 1942. It was amended by Act 388 of 1948 by the interpolating of the word "sexually." LSA–R.S. 14:92 was amended in 1962 and in 1966, but the amendments did not relate to Paragraph (7).

In State v. Vallery, 212 La. 1095, 34 So. 2d 329 (February 16, 1948), defendants, who were charged under Paragraph (7), contended that the word "immoral" standing alone was vague, indefinite, and uncertain, and that Paragraph (7) was unconstitutional. In setting aside the conviction and sentences, we stated, "The drafters of the code could very easily have avoided the result reached in this case and in the Truby case [211 La. 178, 29 So.2d 758] had they given the word 'immoral' a fixed and designated meaning as they did other words and terms used generally throughout the code in Article 2, or had they defined 'immoral act' and 'immoral purpose' as they did 'criminal intent' in Article 10 and 'criminal negligence' in Article 12."

As stated supra, the Legislature amended Paragraph (7) in 1948, and in 1967 this Court considered the case of State of Louisiana v. R. Fulmer, 250 La. 29, 193 So. 2d 774. Therein, we had posed for our determination the question of whether the addition of the word "sexually" as a description of the word "immoral" rendered Paragraph (7) constitutional. We found that it did and concluded:

"We think the legislature in defining the offense of contributing to the delinquency of a juvenile in Section 7 of Article 92 of the Criminal Code, as amended in 1948, clearly intended to limit the offense to immoral acts involving sex. The words 'sexually immoral,' as held in the Roth case [226 La. 1, 74 So.2d 392], 'have an accepted meaning that is not

susceptible to misunderstanding.' We therefore conclude the statute is constitutional and that the trial judge erroneously sustained the motion to quash."

We conclude that our decision in the Fulmer case, supra, was correct and that its reasoning controls the instant matter. Therefore, the trial judge erroneously sustained the motion to quash.

For the reasons assigned, the judgment of the trial court is reversed, the motion to quash the affidavit is overruled, and the case is remanded to the court below for further proceedings in accordance with law.