BARRY, Judge.
We previously conditionally affirmed defendant’s second degree murder conviction and his life imprisonment sentence. State v. Whitlock, 454 So.2d 871 (La.App. 4th Cir.1984). We remanded to review whether the written or recorded statements of James Ward contain inconsistencies or evidence favorable to the accused.
Ward, a friend of the defendant for several years, testified he and the defendant were drinking and shooting pool when they met Ronald Jinkerson, an acquaintance of defendant. Defendant told Ward that Jink-erson had previously stolen money from him.
The trio, with Ward driving, left the bar. After driving three-quarters of a block, Ward heard a shot and Jinkerson said “You just killed me”. Then Ward saw defendant fire two shots at point blank range, hitting Jinkerson in the face and chest. Defendant wanted to get rid of the body, and Ward, in a state of “semi-shock”, drove to a remote area where defendant dumped the body.
Ward suggested that defendant dispose of the gun, so the two walked to the Mississippi River and threw the gun in. They went to dinner with Ward’s wife and back to defendant’s apartment.
As soon as defendant fell asleep, Ward left with his wife and called the police to report the homicide. Officers questioned Ward and obtained an arrest warrant for defendant. The police entered the apartment, accompanied by Ward and found the defendant asleep. Ward retrieved defendant’s bloodstained shirt and gave it to the police.
A pat-down search of defendant at Central Lockup revealed three spent casings. The coroner testified the victim was shot thrice in rapid succession from close range. A police criminalist testified that blood stains on defendant’s shirt, the victim’s shirt, and in Ward’s automobile matched the victim’s blood. The police also recovered a spent bullet from the rear seat of the car.
On remand the trial court specified:
The Court has this day reviewed the statement of James Ward, given to and *1113 typed by the Criminal Investigations Division of the New Orleans Police Department, signed by Mr. Ward, and the trial testimony of Mr. Ward. The Court concludes that the statement of Mr. Ward contains no evidence favorable to the defendant, and, though it contains inconsistencies with Mr. Ward’s trial testimony, those inconsistencies are so trivial that they are not material to the defendant’s guilt or punishment.
The only inconsistency relating to the crime itself is in the distance traveled from Bud Rip’s Bar until the shooting occurred. At trial, Mr. Ward testified it was ¾ of a block; in his statement, Mr. Ward stated it was two blocks. The other three inconsistencies all relate to events after the shooting and disposal of the victim’s body. After the shooting and disposing of the victim’s body, Mr. Ward and defendant returned to defendant’s apartment where Mrs. [sic] Ward’s wife joined them, after working at Cafe du Monde. Mrs. Ward left the apartment to change her work clothes, to join the two men later for dinner. At trial, Mr. Ward testified he told his wife to go change clothes; in his statement Mr. Ward stated she decided to go change clothes. At trial, Mr. Ward testified defendant reloaded his pistol, after Mrs. Ward left and before the two men went out. In his statement, Mr. Ward makes no statement about defendant reloading his pistol. When the three returned from dinner, all went to defendant’s apartment. At trial, Mr. Ward testified they all went in and had a beer; in his statement, Mr. Ward makes no statement that all went in, but that is the only fair inference because he states he and his wife went out, leaving defendant, and Mr. Ward makes no statement about having a beer in the apartment. After Mr. and Mrs. Ward left, he informed her of the shooting, and reported the crime to the New Orleans Police.
The Court considers these differences trivial, and none are material to defendant’s guilt. There is only one penalty for second degree murder, so none are material to defendant’s punishment.
We agree with the trial judge. Defendant’s conviction and sentence are affirmed.
AFFIRMED