485 So.2d 599 (1986)
STATE of Louisiana
v.
Robert L. CAMERON.
No. KA-2186.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*600 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
*601 GARRISON, Judge.
The defendant, Robert Cameron, was charged by bill of information with contributing to the delinquency of a juvenile in violation of LSA-R.S. 14:92. After being found guilty as charged by a jury, the defendant was sentenced to two years at hard labor with credit for time served and was ordered to pay a $1,000.00 fine or face an additional one year in prison. Defendant appeals his conviction and sentence.
On February 5, 1983, the defendant arrived at the home of Robert and Donna Wood to take their ten year old son on a fishing trip which had been previously arranged by the Woods and the defendant. The defendant stopped to purchase chicken necks and wine before proceeding to a nearby canal. After several minutes of unsuccessful fishing, the defendant and the ten year old boy returned to the defendant's car and proceeded to another fishing location. The boy testified that the defendant began to put his hand down the boy's pants while asking the boy if he was wearing "long johns". The boy pushed the defendant's hand away. After fishing for awhile at their next location, the boy asked the defendant to take him home and the defendant refused. The defendant then asked the child if he was a boy or a girl to which he replied that he was a boy. The victim then asked to go home again and the defendant stated, "If you were a girl, I would ... fuck me in my pussy ... If you were a boy, I would ... fuck you in your ass." (Tr. 33-34). Again, the boy asked to be taken home, to which the defendant replied, "If you let me fuck you, I'll bring you home." The boy tried to jump out of the car but the defendant grabbed him and pulled him back. Finally, the boy managed to jump out of the car and ran home where he told his mother about this incident.
When the victim's father returned home and learned of these events, he went to the defendant's house and assaulted him with a wrench. Mr. Wood then held the defendant until the police arrived. Officer Scioneaux of the New Orleans Police Department testified that the victim and his mother were visibly upset and that the victim's clothes were wet and dirty.
A review of the record reveals that there are no errors patent.
In his first assignment of error, the defendant contends that the trial court erred in overruling the defense counsel's objection to the hearsay testimony of Robert Wood. Specifically, the defense objects to the fact that Mr. Wood was allowed to repeat the story told to him by his son after this incident. In allowing this testimony, the trial judge instructed the jury to consider Mr. Wood's testimony only for the purpose of showing that a complaint was made and not to consider this testimony in relation to the truth of the complaint.
Hearsay evidence is testimony made in court, or written evidence introduced in court, of a statement made out of court, the statement being offered to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Martin, 356 So.2d 1370 (La.1978), appeal after remand, 372 So.2d 563 (La.1979). Hearsay testimony is generally inadmissible. LSA-R.S. 15:434. Contrary to the trial judge's intentions, it appears that the questionable testimony given by Mr. Wood was hearsay because it tended to prove the truth of the matters asserted, i.e. that the defendant made sexual advances to the child.
Furthermore, it does not appear that these statements fall within any of the exceptions to the hearsay rule. The Louisiana Supreme Court has held that the first complaint of a rape victim falls within the res gestae exception to the hearsay rule and is, therefore, admissible at trial. LSA-R.S. 15:447. The facts and circumstances must show that the statement "was a product of the shocking episode and not a fabrication". State v. Prestridge, 399 So.2d 564 (La.1981).
The testimony at trial indicates that the victim informed his mother of these events before speaking to his father. Therefore, the victim's statement to his father was not the "first complaint". Additionally, *602 it does not appear that his statements were the result of the shocking episode as he had time to reflect on these events before speaking to his father.
The "excited utterance" exception does not apply in this situation either. In State v. Henderson, 362 So.2d 1358 (La.1978), the court stated that in order for a statement to qualify under the excited utterance rule:
"There must be an occurrence or event sufficiently startling to render normal reflective thought processes of an observer inoperative. Additionally, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought."
Because the victim's statements were made after running home and after talking with his mother, this exception does not apply.
It appears that the trial judge erred in admitting this inadmissible hearsay into evidence. However, LSA-C.Cr.P. article 921 provides that a judgment or ruling "shall not be reversed ... because of any error... which does not affect the substantial rights of the accused." Moreover, in State v. Gibson, 391 So.2d 421 (La.1980), the Louisiana Supreme Court adopted the "harmless error" test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Under that test, the question is whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, "might have contributed to the conviction". This court must also be able to declare that the error was "harmless beyond a reasonable doubt".
In the instant case, the victim's testimony at trial, which was not hearsay, was much more detailed than the hearsay statements of his father. When the declarant is also a witness at trial and is subject to cross examination, the detrimental impact of improperly admitted testimony is greatly reduced. State v. Whitlock, 454 So.2d 871 (La.App. 4th Cir.1984), appeal after remand, 475 So.2d 1112 (La.App. 4th Cir. 1985). Furthermore, any prejudicial effect of admitting the father's hearsay testimony was cured by the testimony of the victim, which corroborated the hearsay statements. State v. Lindsey, 404 So.2d 466 (La.1981), appeal after remand, 428 So.2d 420 (La.1983), cert. denied, Lindsey v. Louisiana, 464 U.S. 908, 104 S.Ct. 261, 78 L.Ed.2d 246 (1983).
Therefore, the admission of this hearsay testimony was harmless error beyond a reasonable doubt and this assignment of error is without merit.
In his second assignment of error, the defendant argues that the trial court erred in denying defendant's motion in arrest of judgment. This motion was based upon defendant's allegation that the language of LSA-R.S. 14:92 A(7) is unconstitutionally vague.
LSA-R.S. 14:92 A(7) states as follows:
"Contributing to the delinquency of juveniles is the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to: ...
(7) Perform any sexually immoral act;..."
Defendant's particular objection is with the phrase "entice to perform any sexually immoral act".
The Louisiana Supreme Court has upheld the constitutionality of R.S. 14:92 A(7) and has specifically rejected the argument that this statute is unconstitutionally vague. State v. Willis, 253 La. 893, 221 So.2d 39 (La.1969).
Furthermore, it is clear that the phrase "entice to perform a sexually immoral act" adequately gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Therefore, because it has been determined that this phrase is not unconstitutionally vague, this assignment of error is without merit.
*603 In his third assignment of error, the defendant contends that the state failed to present sufficient evidence to sustain a conviction beyond a reasonable doubt. Specifically, he argues that the evidence did not prove that he enticed the victim to perform a sexually immoral act.
The standard of appellate review is stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as follows: when viewing the evidence in the light most favorable to the prosecution, this court must determine that the evidence is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt.
The testimony in this case established the facts that the defendant attempted to put his hand inside of the victim's pants and that the defendant told the victim that he would not take him home unless he had sex with the defendant. The actions of the defendant certainly fall within the scope of "enticing" the victim to "perform a sexually immoral act".
Therefore, this assignment of error is without merit.
In his final assignment of error, the defendant argues that the trial court erred in imposing an excessively cruel and unusual punishment. First, the defendant claims that his sentence is unconstitutionally excessive. The defendant received the maximum sentence of two years at hard labor plus a $1,000.00 fine or an additional one year sentence.
The sentencing transcript indicates that the trial judge adequately complied with the requirements of C.Cr.P. art. 894.1 in tailoring the sentence to fit the particular offense and offender. The defendant has a record consisting of two prior convictions and twenty-two arrests. As for the offense, as the trial judge succinctly stated:
"This defendant took advantage of the friendship and trust of his neighbors that on the pretext of taking him on a fishing trip he attempted to perpetrate upon their ten-year-old son the foulest and most abominable of human acts.
After his indecent advances and filthy proposals had been rebuffed by the child, the defendant proceeded to become intoxicated on wine and gave indications of a serious intention to rape the boy."
The record in this case easily supports the imposition of the maximum sentence in this case.
The defendant also argues that the trial judge erred in sentencing him to serve the maximum sentence and ordering him to pay a $1,000.00 fine or serve an additional year in prison. Defendant claims that this was error due to the fact that he established his indigency six months after his sentencing date.
This contention has merit. It is well established that an indigent defendant cannot be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would have a term of imprisonment longer than the statutory maximum. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974). The question of whether or not a defendant who establishes his indigency after his trial and sentencing benefits from this rule was addressed in the recent case of State v. Huffman, 480 So.2d 396 (La.App. 4th Cir., 1985). In answering that question affirmatively, this court held that if a defendant is found to be indigent at any point in the proceedings, he cannot be subjected to additional imprisonment in lieu of payment of fines or court costs if the additional imprisonment results in a sentence greater than the statutory maximum.
Therefore, the defendant's conviction is affirmed, his sentence is vacated and this case is remanded to the trial court for resentencing so that the defendant's indigency does not subject him to imprisonment beyond the maximum sentence stated in LSA-R.S. 14:92.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.