GUIDRY, Judge.
On September 30, 1991, defendant, Clesme Joseph Roger, was charged by bill of information with two counts of contributing to the delinquency of a juvenile, violations of La.R.S. 14:92, subd. A(7). Defendant waived formal arraignment and entered a plea of not guilty. Defendant was tried before a six person jury which returned a unanimous verdict of guilty to both counts. On July 29, 1992, defendant was sentenced to two years at hard labor on each count, to run concurrent, with credit for time served.
Defendant appeals his convictions and the sentences imposed urging two assignments of error.
FACTS
On two separate occasions, the first being sometime between June 1 and June 30, 1991, and the second on or about July 4, 1991, defendant, 49 year old Clesme Roger, allegedly did willfully and unlawfully entice his daughter, Melanie Roger, age 14, to expose her breasts and vagina to him, acts which the State contends constitute the performance of sexually immoral acts, in violation of the provisions of La.R.S. 14:92, subd. A(7).
Melanie Roger testified at trial that her parents were divorced when she was seven years old. She spent the summer of 1991 with her paternal grandparents. She testified that one day while her grandparents were in the kitchen and she was in the living room watching television with her father, he requested to see her breasts and her bottom. She stated that she was taken by surprise by the request and that she just “did what she was told”. Melanie further testified that about two to three weeks later, while enroute to shop with her father for school supplies, defendant pulled into a wooded area where he again asked to see her top and bottom. Once more she *832 complied with his request. Receipts introduced at trial show that on July 4, 1991, school supplies were purchased from several stores by defendant.
Melanie made a voluntary statement to the New Iberia police in August 1991 after returning to live with her mother. The statement was taken by Officer Kathryn Pounds, witnessed by Betty Campbell (Melanie's mother), and signed by Melanie. In the statement, Melanie alleges that on one occasion her father asked to “look at my pussy”, to which she complied and, that on a second occasion, he suggested they have an incestuous relationship.
Melanie had first informed her cousin, Jody Roger, about the incidents. Jody Roger corroborated Melanie’s story and testified at trial that the defendant told her (Jody) he was sorry and that it would not happen again and not to tell Melanie’s mother.
Detective Thomas Stith testified that the defendant denied the allegations.
ERRORS PATENT
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record reflects that the court did not so inform the defendant. This defect is not grounds to reverse the sentence or remand for re-sentencing. La.C.Cr.P. art. 921. However, the three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922. We direct the trial court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record that the defendant has received the requisite notice. See State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992).
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the evidence introduced at trial was insufficient to support a verdict of guilty.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the factfinder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
Defendant was convicted of two counts of contributing to the delinquency of a juvenile, violations of La.R.S. 14:92, which reads in pertinent part as follows:
A. Contributing to the delinquency of juveniles is the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
* * * * * *
(7) Perform any sexually immoral act; or ...
In the instant case, the State was required to prove the following essential elements to convict the defendant of violating La.R.S. 14:92, subd. A(7): defendant was over the age of 17 at the time of the offense; the child involved was under the age of 17; and, defendant intentionally enticed, aided, or permitted the child to perform a sexually immoral act.
*833 Testimony elicited at trial established that, at the time of the incidents, the victim, Melanie Roger, was 14 years of age. It was also established that the defendant was 49 years of age at the time of the incidents.
Although we find no cases'which specifically state what constitutes a sexually immoral act, the Louisiana Supreme Court in State v. Fulmer, 193 So.2d 774 (La.1967), stated:
We think the legislature in defining the offense of contributing to the delinquency of a juvenile in Section 7 of Article 92 of the Criminal Code, as amended in 1948, clearly intended to limit the offense to immoral acts involving sex. The words “sexually immoral,” as held in the Roth case, “have an accepted meaning that is not susceptible to misunderstanding”.[1]
Further guidance as to what constitutes a sexually immoral act can be drawn by analogy from State v. Roberts, 541 So.2d 961 (La.App. 2d Cir.1989). In Roberts, supra, the defendant-father of two boys, both under the age of 15, was convicted on several counts of molestation of a juvenile, violations of La.R.S. 14:81.2, a statute which carries a more onerous penalty than La.R.S. 14:92, subd. A(7), for letting the boys watch he and his wife engage in sexual intercourse, in letting the boys view his wife’s exposed breasts and in letting them view her sexual organs.
The Louisiana Supreme Court has upheld the constitutionality of La.R.S. 14:92 A(7) and has specifically rejected the argument that this statute is unconstitutionally vague. State v. Willis, 253 La. 893, 221 So.2d 39 (La.1969). Furthermore, it is clear that the phrase “entice to perform a sexually immoral act” adequately gives a person of ordinary intelligence fair notice of what conduct is forbidden by the statute. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).
The jury heard the testimony of the witnesses and returned a unanimous ver-diet of guilty to both counts of contributing to the delinquency of a juvenile. A rational trier of fact giving weight and credibility to the victim’s testimony and the statements of the State’s witnesses could have found beyond a reasonable doubt that defendant did commit the crime of contributing to the delinquency of a juvenile.
Although not assigned as a specific error, defendant claims in brief that the trial court erred in overruling his objection to the admission of the testimony of Jody Roger as the victim’s “first report” of sexually assaultive behavior. Under Code of Evidence art. 801(D)(1)(d), a victim’s first complaint of sexually assaultive behavior to a party is treated as non-hearsay.
Defendant claims that there was no “sexually assaultive behavior”, nor any act or conduct of a sexual nature proven. However, we note that the comments to Code of Evidence art. 801(D)(1) state, in pertinent part:
The provision uses the term “sexually assaultive behavior” as a general expression that is not intended to be restricted to the technical definition of “assault” given in R.S. 14:36. As used in this provision, “sexually assaultive behavior” includes the types of conduct proscribed, for example, by R.S. 14:41 (rape), R.S. 14:42 (aggravated rape), R.S. 14:42.1 (forcible rape), R.S. 14:43 (simple rape), R.S. 14:43.1 (sexual battery), R.S. 14:43.2 (aggravated sexual battery), R.S. 14:80 (carnal knowledge of a juvenile), R.S. 14:81 (indecent behavior with juveniles), R.S. 14:81.1 (pornography involving juveniles), R.S. 14:81.2 (molestation of a juvenile), R.S. 14:89 (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:27 (attempt of any of the foregoing offenses). This enumeration is intended to be illustrative and not exclusive.
There is no need for actual physical contact for the actions of a person to be considered sexually assaultive behavior within the purview of La.C.E. art. 801(D)(1)(d). The testi *834 mony of Jody Roger was properly admitted.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant claims that the trial court erred in imposing an excessive sentence.
La.C.Cr.P. art. 881.1 provides:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis added).
After a review of the record and a request to the clerk of the district court, we find no motion to reconsider was made at sentencing or later filed in the record. Therefore, the defendant is precluded from raising this assignment of error on appeal. See also State v. Belsha, 608 So.2d 291 (La.App. 3rd Cir.1992), and State v. Gachot, 609 So.2d 269 (La.App. 3rd Cir.1992).
We direct the trial court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record that the defendant has received the requisite notice. See State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992).
For the above reasons, the defendant's convictions and the sentences imposed are affirmed.
AFFIRMED WITH INSTRUCTIONS.

. See State v. Roth, 226 La. 1, 74 So.2d 392 (La.1954).