687 So.2d 94 (1997)
STATE of Louisiana
v.
Ricki HART.
No. 96-KA-0599.
Supreme Court of Louisiana.
January 14, 1997.
Richard Phillip Ieyoub, Attorney General, Walter P. Reed, District Attorney, William Joseph Burris, Franklinton, William R. Campbell, Jr., New Orleans, Terry Michael Boudreaux, Gretna, for Applicant.
Sam Joseph Collett, Jr., Bogalusa, for Respondent.
MARCUS, Justice.[*]
Ricki Hart, a guard at the Washington Parish Jail, was indicted by the grand jury for malfeasance in office, in violation of La. R.S. 14:134.1. In particular, he was charged with having sexual intercourse with a female prisoner and engaging in sexual conduct by facilitating two male prisoners to have sexual intercourse with two female prisoners. Defendant filed a motion to quash on the ground that a phrase of La. R.S. 14:134.1, "any other sexual conduct," was unconstitutionally vague.[1] Initially, the trial judge dismissed *95 the motion to quash. However, on a motion to reconsider the ruling and after oral argument, the trial judge granted defendant's motion to quash finding that the phrase "any other sexual conduct" in the statute was unconstitutionally vague. The state appealed the ruling directly to this court.[2]
La. R.S. 14:134.1 provides in pertinent part:
Malfeasance in office; sexual conduct prohibited with persons confined in correctional institutions.
A. It shall be unlawful and constitute malfeasance in office for any person who is a law enforcement officer, officer of the Department of Corrections, or employee of a prison, jail, or correctional institution, to engage in sexual intercourse or any other sexual conduct with a person confined in a prison, jail or correctional institution. (Emphasis added)
The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity such that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. U.S. Const. Amend. XIV, § 1; La. Const. Art. I, §§ 2, 13; State v. Azar, 539 So.2d 1222, 1224 (La.1989), cert denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989). In determining the meaning of a criminal statute and hence its constitutionality, penal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3; State v. Pierre, 500 So.2d 382, 384 (La.1987). Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986).
The trial judge ruled that the phrase "any other sexual conduct" was vague because its language was not specific enough to alert a person to what conduct is proscribed and declared the entire statute unconstitutional. For the reasons set forth below, we find that the phrase "any other sexual conduct" is not vague and the statute is constitutional.
In State v. Defrances, 351 So.2d 133, 136 (La.1977), we stated that broad language is not in itself vague, particularly where it is clear that the legislature intended to make criminal all acts of a certain kind. In Defrances, defendant was charged with violating La. R.S. 14:104 insofar as it made criminal the maintaining of a place to be used habitually for any illegal purpose or for "any immoral sexual purpose." In finding that the phrase for "any immoral sexual purpose" was unconstitutionally vague, we held:
Twenty-nine years ago, at the time R.S. 14:104 was amended, what was considered "sexually immoral" perhaps had a generally accepted meaning to the population as a whole. However, with the passage of time, and an increasingly more liberal sexual standard, what may have been considered to fall clearly within the scope of sexually immoral conduct may no longer be interpreted as such by a substantial segment of the population....
Thus a court today, in applying 14:104, is put in the position of having to determine for itself the standard of guilt in a given situation.[3]
351 So.2d at 135-136. In Defrances, the law enforcement officials and then the courts were left with the task of interpreting what would constitute sexually immoral conduct in the general population over the years. This court concluded that a person must be better informed of conduct which crosses the line from non-criminal to criminal.
*96 In contrast, La. R.S. 14:134.1 is a malfeasance in office statute in which the prohibited conduct is restricted to the special environment of a prison, jail or other correctional facility, not the general population. Because of the nature of the relationship between prisoners and those who exercise direct authority over them while they are incarcerated, we think the legislature intended to make the statute as broad as possible to prohibit any and all conduct which might be interpreted as sexual. Therefore, despite the changes that may occur in sexual standards in the general population over the years, it is clear that any and all conduct of a sexual nature between those persons designated in La. R.S. 14:134.1 and a person confined in a prison, jail or correctional institution was intended to be illegal.
In State v. Fulmer, 250 La. 29, 193 So.2d 774 (1967), we held that the phrase "perform any sexually immoral act" in La. R.S. 14:92(7), (contributing to the delinquency of juveniles), was not so vague as to be unconstitutional since the words "sexually immoral" have an accepted meaning that is not susceptible to misunderstanding. In Fulmer, the phrase was restricted to sexual acts committed by an adult with a juvenile. Later in Defrances, we distinguished our Fulmer decision, noting that the statute in Fulmer was restricted to sexual acts between adults and juveniles while the statute in Defrances involved sexual conduct in the general population. In the instant case, the legislature, by enacting La. R.S. 14:134.1, intended to protect those persons incarcerated from being taken advantage of by those guarding them by prohibiting all sexual conduct just as the legislature intended to protect minors from all sexually immoral acts of adults when it enacted La. R.S. 14:92(7). We think the state has the right to protect a class of persons particularly vulnerable to authority by prohibiting all sexual conduct, thereby placing authority figures on notice that if they engage in any sexual conduct with a prisoner they may be subject to criminal prosecution.
Accordingly, we find that the language "any other sexual conduct" in La. R.S. 14:134.1, when interpreted to include all sexual conduct and when applied within the context of the population to which is directed, is not vague. Hence, we conclude that the statute is constitutional.[4] The trial judge erred in sustaining defendant's motion to quash.

DECREE
For the reasons assigned, the judgment of the trial court granting the motion to quash is reversed and the case is remanded to the district court for further proceedings.
NOTES
[*] Judge Graydon K. Kitchens, Jr., 26th Judicial District Court, and Judge Ian W. Claiborne, 18th Judicial District Court, participating as associate justices ad hoc in place of Justice Jack C. Watson and Justice E. Joseph Bleich. Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[1] Defendant has asserted thirty other grounds for his motion to quash; however, the only issue before us is the constitutionality of the statute on the ground of vagueness.
[2] Article 5, § 5(D) of the Louisiana Constitution of 1974 provides that a case shall be appealable to this court if a law or ordinance has been declared unconstitutional.
[3] La. R.S. 14:104 was amended in 1979 to delete the words "or for any immoral sexual purpose." The statute now reads that "keeping a disorderly place is the intentional maintaining of a place to be used habitually for any illegal purpose."
[4] Defendant has been charged with having sexual intercourse with a female prisoner and engaging in sexual conduct by facilitating male prisoners to have sexual intercourse with female prisoners. Whether the conduct of facilitating sexual intercourse between prisoners is a valid charge under this statute is a matter of defense rather than a constitutional challenge to the vagueness of the statute.