# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 12-1255

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL JAMES LACOUR**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 309789
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**James C. Downs**
**District Attorney – Ninth Judicial District Court**
**Anthony L. Walker**
**Assistant District Attorney**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**George Lewis Higgins, III**
**P. O. Box 3370**
**Pineville, LA 71361-3370**
**(318) 473-4250**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Michael James Lacour**

**Brian D. Cespiva**
**711 Washington St.**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**EZELL, Judge.**

The Defendant, Michael James Lacour, was charged by indictment filed on January 19, 2012, with three counts of malfeasance in office, in violation of La.R.S. 14:134.1; malfeasance in office, in violation of La.R.S. 14:134; criminal conspiracy, in violation of La.R.S. 14:26; possession of methamphetamine, in violation of La.R.S. 40:967; and distribution of methamphetamine, in violation of La.R.S. 40:967. A plea of not guilty was entered on February 17, 2012.

The indictment was amended on June 1, 2012, and the Defendant entered a plea of not guilty. On the same date, a hearing on the motion to quash filed by the Defendant on May 7, 2012, was held. The trial court granted the Defendant's motion and quashed counts 1, 2, and 3 of malfeasance in office.

The State filed a notice of appeal on June 7, 2012. The State is now before this court asserting one assignment of error. Therein, it contends the trial court erred in granting the Defendant's motion to quash.

## FACTS

The Defendant was charged with three counts of malfeasance in office for allegedly having sexual intercourse with a female who was on probation while he was employed by the Rapides Parish Sheriff's Department.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. In this case, no error patent review is necessary as the trial court dismissed charges in counts one, two, and three and that dismissal is the basis for the appeal.

The State contends the trial court erred in granting the Defendant's motion to quash counts 1, 2, and 3 of the grand jury indictment upon its erroneous conclusion that the Defendant did not commit the crime of malfeasance in office as set forth in La.R.S. 14:134.1.

Counts 1, 2, and 3 of the indictment read as follows:

**COUNT #1:**
**IN THAT HE DID ON OR ABOUT AND BETWEEN THE 22ND DAY OF SEPTEMBER, 2009 AND THE 31ST DAY OF DECEMBER, 2009**, while employed by the Rapides Parish Sheriff's Department, as a law enforcement officer, did engage in sexual intercourse with L.M., who was under the supervision of the Division of Probation and Parole, in violation of La. R.S. 14:134.1[.]

**COUNT #2:**
**IN THAT HE DID ON OR ABOUT AND BETWEEN THE 1ST DAY OF JANUARY, 2010 AND THE 31ST DAY OF DECEMBER, 2010**, while employed by the Rapides Parish Sheriff's Department, as a law enforcement officer, did engage in sexual intercourse with L.M., who was under the supervision of the Division of Probation and Parole, in violation of La. R.S. 14:134.1[.]

**COUNT #3:**
**IN THAT HE DID ON OR ABOUT AND BETWEEN THE 1ST DAY OF JANUARY, 2011 AND THE 21ST DAY OF APRIL, 2011**, while employed by the Rapides Parish Sheriff's Department, as a law enforcement officer, did engage in sexual intercourse with L.M., who was under the supervision of the Division of Probation and Parole, in violation of La. R.S. 14:134.1[.]

The Defendant filed a motion to quash counts 1, 2, and 3 on May 7, 2012, arguing the facts alleged in support thereof did not constitute a crime under La.R.S. 14:134.1. At the hearing on the Defendant's motion to quash, he called Edwin Beckham, an investigator with the Rapides Parish District Attorney's Office, to testify. Beckham testified that, at the time of the alleged offenses, the Defendant was the lieutenant supervisor with the Rapides Parish Metro Narcotics Office, and Lindsey McCann was on probation.

Defense counsel subsequently argued that the Defendant's acts were not covered by La.R.S. 14:134.1. The State argued that a law enforcement officer is prohibited from having sexual relations with a person who is under the supervision of the Division of Probation and Parole.

The trial court granted the Defendant's motion to quash counts 1, 2, and 3, stating:

> It has to be under their supervision, and then either two classes of people, either they have to be in jail, it has to be and who are either in jail, or under the supervision of Probation and Parole. And, the thing is, the statute, you have that conjunctive, with a person under supervision and the conjunctive is, that that person has to be confined to either a jail or under supervision. The problem is, the statute requires that it be with a person under their supervision. And so, Ms. L.M. has to be a person under his supervision. I understand what y'all are saying. And, I think that's probably the way it should be written. I think that what the Legislature was intending was to prevent -- And, I still can't think of the word, whether or not – It's not people subservient to police officers, it's people who are at a disadvantage because of their position, I guess is what you're trying to say.
>
> And, they have, the Legislature has specifically defined those that they think or [sic] at a disadvantage. And, if it is a person on Probation and Parole, and the Police Officer is having a sexual relationship with that person, then I don't think that that is a crime. It may be an ethics problem, but I don't know if that would be a crime, that the Legislature was intending when they passed the statute, so – I'm going to go ahead and cut the cake. And say under -- Let me look at Article 485 again.
>
> . . . .
>
> . . . But, I believe that the offense charged, based upon the argument is not one that is punishable under a valid statue.

The State contends a plain reading of La.R.S. 14:134.1 clearly defines a sexual relationship between a law enforcement officer and a person who is under the supervision of the Division of Probation and Parole as prohibited conduct constituting malfeasance in office. The State asserts that, if this court examines the legislative intent of La.R.S. 14:134.1, this court should look no further than the

3

legislative history of the statute. The State asserts that law enforcement officers are prohibited not only from engaging in sexual intercourse or conduct with persons under their supervision but also those persons who are under the supervision of the Division of Probation and Parole. The State notes that the word supervision is used twice in subpart (A) of La.R.S 14:134.1 and is used on either side of the conjunctive "or."

The State then cites subsection (C) of the current version of the statute and asks why the legislature would amend the statute to include wildlife enforcement agents and state park wardens, as these officers do not have anyone under their supervision who is confined to a work release facility or a correctional institution. The State asserts these officers were added so they could not exploit persons on probation with threats, real or perceived, if the susceptible person did not acquiesce in their sexual demands.

The Defendant asserts a law enforcement officer cannot engage in sexual conduct with anyone he/she supervises, whether they are "DOC or probation and parole." The Defendant argues the State omits the word "and" from their analysis.

Therefore, this court must determine which interpretation of La.R.S. 14:134.1 is proper. In *State v. Shaw*, 06-2467, pp. 14-15 (La. 11/27/07), 969 So.2d 1233, 1242, the supreme court stated:

> [T]he starting point in the interpretation of any statute is the language of the statute itself. [*State v.*] *Johnson*, 03-2993 at 11 [(La. 10/19/04)], 884 So.2d [568] at 575; *Theriot v. Midland Risk Insurance Company*, 95-2895 (La.5/20/97), 694 So.2d 184, 186; *Touchard v. Williams*, 617 So.2d 885, 888 (La.1993). Our interpretation of the language of a criminal statute is governed by the rule that the articles of the criminal code "cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with

4

reference to the purpose of the provision." LSA-R.S. 14:3; *State v. Skipper*, 04-2137, p. 3 (La.6/29/05), 906 So.2d 399, 403. Further, although criminal statutes are subject to strict construction under the rule of lenity, *State v. Carr*, 99-2209, p. 4 (La.5/26/00), 761 So.2d 1271, 1274, the rule is not to be applied with "such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute." *State v. Everett*, 00-2998, p. 12 (La.5/14/02), 816 So.2d 1272, 1279, *quoting State v. Broussard*, 213 La. 338, 342, 34 So.2d 883, 884 (La.1948). *See State v. Brown*, 03-2788, pp. 5-6 (La.7/6/04), 879 So.2d 1270, 1280, *quoting Perrin v. United States*, 444 U.S. 37, 49 n. 13, 100 S.Ct. 311, 317, 62 L.Ed.2d 199 (1979) ("The general rule that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity applies when the court is uncertain about the statute's meaning and is 'not to be used in complete disregard of the purpose of the legislature.'"). Consequently, a criminal statute, like all other statutes, should be interpreted so as to be in harmony with and to preserve and effectuate the manifest intent of the legislature; an interpretation should be avoided which would operate to defeat the object and purpose of the statute. *Brown*, 03-2788 at 6, 879 So.2d at 1280; *Broussard*, 34 So.2d at 884. What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. *State v. Williams*, 00-1725, p. 13 (La.11/28/01), 800 So.2d 790, 800. Therefore, where the words of a statute are clear and free from ambiguity, they are not to be ignored under the pretext of pursuing their spirit. LSA-R.S. 1:4; *State v. Freeman*, 411 So.2d 1068, 1073 (La.1982).

The Court has found no cases interpreting La.R.S. 14:134.1. Thus, this court must look at the wording of the statute and determine whether it is to be read in the manner asserted by the State or the Defendant. The State contends the statute should be read as follows:

It shall be unlawful and constitute malfeasance in office for a law enforcement officer to engage in sexual intercourse or any other sexual conduct with a person

1) who is under their supervision and who is confined in a prison, jail, work release facility or correctional institution,

**or**

2) who is under the supervision of the division of probation and parole.

The Defendant contends the statute should be read as follows:

5

It shall be unlawful and constitute malfeasance in office for a law enforcement officer to engage in sexual intercourse or any other sexual conduct with a person who is under their supervision

**and**

1) who is confined in a prison, jail, work release facility or correctional institution, or

2) who is under the supervision of the division of probation and parole.

When La.R.S. 14:134.1 was enacted in 1981, it read, in pertinent part, as follows:

A. It shall be unlawful and constitute malfeasance in office for any person who is a law enforcement officer, officer of the Department of Corrections, or employee of a prison, jail, or correctional institution, to engage in sexual intercourse or any other sexual conduct with a person confined in a prison, jail or correctional institution.

In *State v. Hart*, 96-599 (La. 1/14/97), 687 So.2d 94, the supreme court was called upon to determine the meaning of "any other sexual conduct" in La.R.S. 14:134.1  In its discussion, the supreme court observed that due to "the nature of the relationship between prisoners and those who exercise direct authority over them while they are incarcerated, we think the legislature intended to make the statute as broad as possible to prohibit any and all conduct which might be interpreted as sexual." *Hart*, 687 So.2d at 96.

Subsequent to the decision in *Hart*, La.R.S. 14:134.1 was amended twice. Each time the law was expanded.  In 2008, the statute was amended to include persons employed by work-release facilities and the division of probation and parole.  Louisiana Revised Statutes 14:134.1 was amended again in 2010 by House Bill 337 to read, in pertinent part:

6

A. It shall be unlawful and constitute malfeasance in office for any of the following persons to engage in sexual intercourse or any other sexual conduct with a person who is under their supervision and who is confined in a prison, jail, work release facility, or correctional institution, or who is under the supervision of the division of probation and parole:

(1) A law enforcement officer.

(2) An officer, employee, contract worker, or volunteer of the Department of Public Safety and Corrections or any prison, jail, work release facility, or correctional institution.

. . . .

C. For purposes of this Section, "law enforcement officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

The Resume Digest of House Bill 377 provided, in pertinent part:

Prior law defined malfeasance in office to include any person who is a law enforcement officer, an employee of DPS&C, an employee of any prison, jail, or correctional institution, or any person employed by entities operating work release facilities of DPS&C, engaging in sexual conduct with persons under their supervision.

New law retains prior law and also prohibits volunteers and contract workers of DPS&C from engaging in sexual conduct with persons sentenced to their custody.

New law provides that "law enforcement officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

Over the years, the legislature has continued to amend La.R.S. 14:134.1 to expand its coverage to protect those persons who are not only incarcerated in a correctional facility but who are also subject to work-release programs or under the supervision of the Division of Probation and Parole. Obviously, people in authoritative positions could exercise control over these people just as well. As

7

stated in *Hart*, 687 So.2d at 96, "the state has the right to protect a class of persons particularly vulnerable to authority by prohibiting all sexual conduct, thereby placing authority figures on notice that if they engage in any sexual conduct with a prisoner they may be subject to criminal prosecution."

Therefore, we agree with the State that La.R.S. 14:134.1 prohibits all conduct of a sexual nature between those persons designated in La.R.S. 14:134.1 and a person under the supervision of the Division of Probation and Parole. The trial court erred in sustaining Defendant's motion to quash.

## DECREE

For these reasons, the judgment of the trial court granting the motion to quash is reversed. The case is remanded to the district court for further proceedings.

**REVERSED AND REMANDED.**