HAMITER, Justice.
 

 In case No. 124-030, on the docket of the Criminal District Court for the Parish of Orleans, the defendant, Edgar Broussard, was charged with having committed the crime of simple burglary on February 9, 1947, a felony under Article 62 of the Louisiana Criminal Code; and when arraigned on March 10, 1947, he pleaded guilty to the charge. Thereafter he was tried as a fourth offender under the provisions of Act No. 45 of 1942, the state alleging in the bill'of information that he had been convicted and sentenced in the same court for the commission of three other felonies as follows:
 

 Case No. Crime Date sentenced Length of sentence
 

 97-296 Petty Larceny on 8/5/39 10/20/39 8 Months in Parish Prison
 

 105-228 Embezzlement on 8/21/41 11/10/41 9 Months in Parish Prison
 

 108-835 Theft on 10/9/42 3/5/43 4 Years in La. State Penitentiary as third offender under Act 45 of 1942
 

 
 *341
 
 The court found defendant guilty as a fourth offender and sentenced him to serve 20 years in the Louisiana State Penitentiary. He is appealing from that conviction and sentence.
 

 Section 1 of Act No. 45 of 1942 denounces the commission of multiple felonies and sets out, in three subsections, the penalties to be imposed respectively on second, third and fourth offenders. Section 2 of the statute provides: “This statute shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted.”
 

 Relying on the provisions of Section 2 defendant contends in a demurrer and in a motion in arrest of judgment, filed in the district court and to the overruling of which bills of exceptions were reserved, that there must be omitted from consideration in this prosecution the first felony committed on August 5, 1939, for which he was sentenced on October 20, 1939, to serve eight months in the Parish Prison; and that, with the omission accomplished, he is not punishable as a fourth offender. His position is that since the provisions of Section 2 refer to but one five year period and mention “convictions” and “sentences” no conviction can be used to form the basis for punishment as an habitual offender where the sentence therefor expired more than five years prior to the commission of the current felony. And, in this connection, he shows that there was a lapse of more than five years between the expiration (June 20, 1940) of his sentence for the first felony (case No. 97-296) and the date (February 9, 1947) of his committing the more recent or fourth felony.
 

 In urging his contention, defendant argues that all statutes that are penal in nature, such as is Act No. 45 of 1942, must be given a strict construction. Of course, that is the general rule, and it has been consistently recognized by this court. But the rule “* * * is not to be applied with such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute.” Marr’s Criminal Jurisprudence, Volume 1, page 61; State v. Bonner, 193 La. 400, 190 So. 625. A criminal statute, like all other statutes, should be so interpreted as to be in harmony with, preserve, and effectuate the manifest intent of the Legislature, • and an interpretation should be avoided which would operate to defeat the purpose and object of the statute. 50 American Jurisprudence, verbo Statutes, Sections 412 and 415; State v. Davis, 208 La. 954, 23 So.2d 801.
 

 To interpret Section 2 of Act No. 45 of 1942 as defendant would have us do, and thus to hold that his first felony must be excluded from consideration in this prosecution because the sentence therefor expired more than five years prior to the com
 
 *343
 
 mission of the current felony, is to render the statute practically meaningless and worthless. Under that interpretation he not only could not be punished as a fourth offender, but also he could not be punished either as a third or a second offender, even though less than five years elapsed between the expiration of his sentence for the second conviction and the date of the commission of his fourth felony. This is so for the reason that Section 2, immediately preceding the provisions under consideration, provides that, “This statute shall not be applicable in cases where * * which means, of course, that the entire statute is inapplicable; it does not state merely that a felony the sentence for which expired more than five years prior to the commission of the current offense shall be excluded from the operation of the statute. Surely, this situation was not intended by the Legislature.
 

 Again, the interpretation suggested by defendant is productive of unreasonable, perhaps absurd, consequences. For example, suppose a person received a sentence expiring in 1914 for his first felony; shortly after his being released he commits another felony, is convicted, and is sentenced to 15 years, or until 1930; in 1931 he is convicted of a third felony and given a like sentence of 15 years to run until 1946; and immediately after the expiration of that sentence he commits and is convicted of a fourth felony, the penalty for which is imprisonment for not more than one year. Continuing, suppose another person after having served three successive sentences for convictions of three separate and independent felonies is convicted of a fourth felony (carrying no undue severe penalty), it occurring within six years after the commission of his first felony and within five years after the expiration of the sentence for the first felony. Under defendant’s interpretation, the first criminal mentioned in the hypothetical case could be punished only as a second offender (the first and second convictions being excluded from consideration) since more than five years elapsed between the expiration of the sentence for his second felony and the date of commission of the fourth offense; and his punishment as a second offender, according to sub-section 1 of Section 1 of the statute, could he “not more than twice the longest term prescribed for a first conviction,” or not more than two years in as much as his last offense carried a penalty of not more than one year. On the other hand, under defendant’s interpretation, the second criminal is a fourth offender, and he must be sentenced, according to sub-section 3 of Section 1 of the statute, to imprisonment of not les's than 20 years, notwithstanding that his four offenses were obviously less grave than the four committed by the first criminal who receives imprisonment, as a second offender, of not more than two years.
 

 We construe Section 2 of Act No. 45 of 1942 to mean that the statute
 
 *345
 
 shall not be applicable where a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next previous felony conviction. Under this construction, in the instant case, had the fourth felony of this defendant been committed more than five years after the expiration of the sentence for his third felony, no provision of the statute would be applicable and he could be punished only as a first offender. But there occurred no such intervention of five years with respect to his third and fourth felonies or to any of the other felonies for which this defendant was convicted and sentenced; hence, the district court properly adjudged him to be a fourth offender.
 

 Our announced construction is in no manner militated against by the use of the plural words "sentences" and "convictions” in Section 2 when it refers to the “* * expiration of the maximum sentence, or ■sentences, of the previous conviction, or convictions * * By such use the Legislature undoubtedly had in mind a •case relating to the commission of the next preceding felony where the accused had been convicted and sentenced therefor (as a first offender), and commenced serving the sentence, and later had been tried and convicted as a multiple offender (for the same felony and the previous felonies), the court on the latter conviction sentencing him according to Act No. 45 of 1942 then -vacating such previous sentence and deducting from the new sentence the time actually served under the sentence so vacated — all as provided by Section 3 of the statute. As to a case of that kind it seems correct to say that the five years runs from the “ * * * expiration of the maximum * * * sentences, of the previous * * * convictions.”
 

 Furthermore, when consideration is given to the history of habitual criminal statutes of this state, there can be no question that the construction that we place on the discussed Section 2 is consonant with the legislative intent and purpose in adopting Act No. 45 of 1942. Our former statutes on the subject (Section 974 of the Revised Statutes of 1870 and Act No. 15 of 1928) made mandatory the imposition of sentences that were comparatively very severe, and this irrespective of when the multiple offender’s several felonies were committed and his sentences therefor expired. But our present statute is not nearly so harsh. Under it the minimum sentences are less severe, as a result of which the judge is in a position to impose a sentence on the offender commensurate with the facts of his case. And of much importance and in keeping therewith it contains the provisions of the discussed Section 2, which were not found in the former laws, rendering the new statute inapplicable when a period of five years has elapsed between the expiration of the sentence imposed for the last previous felony conviction and the date of the commission of the latest felony.
 
 *347
 
 By the adoption of all of these less drastic provisions it appears to us that the Legislature had in mind the affording to the criminal a better opportunity for rehabilitation, and felt that if he did not contravéne the felony statutes for a 'period of five years after serving his sentence he should not be classed as an habitual offender.
 

 In connection with and under another bill of exceptions defendant contends that he cannot be adjudged herein a fourth offender for the reason that his second offense of embezzlement, committed on August 21, 1941, is now regarded only as a misdemeanor under Article 67 of the Louisiana Criminal Code, although at the time of its commission it was a felony under Act No. 165 of 1918. The bill of exceptions is without merit. The identical issue was raised in the case of State v. Ambrose, 212 La. 1062, 34 So.2d 261, and we decided it adversely to the defendant.
 

 For the reasons assigned the conviction and sentence are affirmed.