332 So.2d 248 (1976)
STATE of Louisiana, Appellee,
v.
Gerald MONTANA and Feltus Anderson, Appellants.
No. 57325.
Supreme Court of Louisiana.
May 17, 1976.
*249 J. Daniel Rivette, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants were convicted of simple burglary. La.R.S. 14:62. Both defendants received enhanced sentences as multiple offenders, La.R.S. 15:529.1; Anderson to twenty-five years at hard labor, Montana to nine years at hard labor.
Upon appeal, the defendants contest their receiving enhanced sentences as multiple offenders. (They also complain of the trial court's refusal to allow them pre-trial discovery of the details of the state's case; to which under our state jurisprudence they are not entitled. State v. Ball, 328 So.2d 81 (La. 1976); State v. Major, 318 So.2d 19 (La.1975); State v. Lewis, 315 So.2d 626 (La.1975); State v. Thomas, 290 So.2d 317 (La. 1974).)
As to the defendant Anderson:
His contention that his sentencing as a multiple offender, and that he was entitled to a jury trial on the multiple-offender charges, are without merit. By our well-settled jurisprudence rejecting similar contentions, upon conviction of a crime, the subsequent multiple-offender proceedings do not charge a crime; they are merely part of the sentencing function of the trial judge, whereby an increased statutory penalty may be assessed against offenders who repeatedly commit felonies. State v. Alexander, 325 So.2d 777 (La. 1976); State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). See also State v. Maduell, 326 So.2d 820 (La.1976).
As to the defendant Montana:
In securing enhanced punishment, the state proved two prior burglary convictions (one in 1967 and one in 1970), in addition to the present 1974 conviction. The defendant Montana contends that the state did not adequately prove the first two convictions.
The state proved two prior felony convictions of a Gerald Montana. It then proved that the Montana convicted of the present offense had fingerprints identical to those of the Montana charged in each of the prior offenses. It is undisputed that no two individuals have the same fingerprints.
*250 The offerings show that a three-year sentence was assessed for the 1967 conviction, and a two-year sentence for the 1970 conviction.
This uncontradicted evidence adequately proves that the present defendant was the same person who had committed the two prior felonies and that he was convicted of them. The evidence further proves that the present offense had been committed in early 1974, and that the maximum sentence for neither of the prior convictions had elapsed more than five years prior thereto. (A prerequisite for use of prior felony convictions to enhance punishment is that not more than five years shall elapse between (a) the expiration of the maximum sentence on the prior conviction and (b) the commission of the present offense, La.R.S. 15:529.1 C.)
The defendant complains that these facts were not proved by the certificate of the warden, as permitted by La.R.S. 15:529 F. However, this statute merely permits proof by this method; but the necessary facts which permit enhanced punishment may also or instead be proved by other competent evidence. State v. Maduell, 326 So.2d 820 (La.1976).

Decree
Finding no error, we affirm the convictions and sentences.
AFFIRMED.
CALOGERO, J., concurs in part, dissents in part and assigns reasons.
DENNIS, J., concurs and dissents for the reasons assigned by CALOGERO, J.
CALOGERO, Justice (concurring and dissenting).
With respect to defendant Anderson, I concur in the majority opinion finding the assignments of error non-meritorious.
With respect to defendant Montana, I concur in affirming his conviction, but dissent from that portion of the majority opinion which affirms his multiple offender sentence.
The majority holds that the state offered sufficient proof that defendant Montana had been convicted of two prior felony convictions because they were able to show that defendant had fingerprints identical to a Gerald Montana who was charged in connection with those prior offenses.
If indeed there was proof in the instant case that the Gerald Montana convicted in the prior cases was the same Gerald Montana before the court at the multiple offender proceeding i.e., that the fingerprints of the Gerald Montana convicted of the two earlier felonies were identical to those of defendant Gerald Montana, I would concur in the multiple offender sentence imposed. But as I view the evidence before this Court there was no such proof in the instant case.
Looking at the evidence contained in this record all we know is that in case number 187-647 on the docket of the Criminal District Court for the Parish of Orleans one Gerald Montana pled guilty to simple burglary and on July 6, 1967 was sentenced to serve three years at hard labor. There is no indication of the date of the commission of the offense, or the actual booking incident to this specific charge. We do know that, perhaps coincidentally, one Gerald Montana was booked on January 27, 1967 and fingerprinted at that time. There is nothing in the record, however, to establish that the guilty plea and sentence are connected with this particular booking and set of fingerprints.
A similar analysis is appropriate in connection with the second prior felony conviction alleged by the state. It was established that in case number 212-888 on the docket of the Criminal District Court for the Parish of Orleans, one Gerald Montana was convicted of simple burglary and on March 12, 1970 was sentenced to serve two years at hard labor. Again, there was no indication of the date of the commission of *251 the crime or the actual booking incident thereto. The state did offer evidence that one Gerald Montana was booked on January 25, 1970 and fingerprinted at that time. There is nothing in the record, however, to show that the conviction and sentence in case number 212-888 was connected with that booking and set of fingerprints.
While the foregoing analysis might at first reading appear to be overly technical, there is nothing overly technical about the requirement that the state carry its burden of proof with appropriate and credible evidence. If defendant was the Gerald Montana involved in these prior felony convictions in Orleans Parish it is certainly within the power of the state to prove that fact with adequate evidence.
It should be noted that the exhibits relied on by the state at the multiple offender hearing are not a part of the record before this Court. If I were able to view these exhibits, I might reach a different conclusion. However, on the basis of the record in its present posture, I feel compelled to dissent.