580 So.2d 448 (1991)
STATE of Louisiana
v.
Louis WILLIAMS a/k/a Larry Williams.
No. 90-KA-817.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
Rehearing Denied June 17, 1991.
John M. Mamoulides, Dist. Atty., Lawrence Alterman, Asst. Dist. Atty., Twenty-fourth Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
*449 Randall Hafner, John D. Rawls, Staff Appellate Counsel, Twenty-fourth Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
KLIEBERT, Judge.
Louis Williams, a/k/a Larry Williams, defendant, appeals his conviction by a jury of the theft of goods valued at $383.92, a violation of LSA-R.S. 14:67.10. Defendant was sentenced as a fourth felony offender to life imprisonment without benefit of probation or suspension of sentence. He now appeals his conviction and sentence. For the following reasons, we affirm the conviction, vacate the sentence and remand for resentencing.
Defendant argues the State failed to carry its burden of proving the value of the theft to be in excess of $100.00. In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussal, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (5th Cir. 1988), writ denied, 538 So.2d 1010 (La. 1989).
LSA-R.S. 14:67.10 provides as follows:
A. Theft of goods is the misappropriation or taking anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale;
(2) Alters or transfers any price marking reflecting the actual retail price of the goods;
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection;
(4) Willfully causes the cash register or other sales record device to reflect less than the actual retail price of the goods; or
(5) Removes any price marking with the intent to deceive the merchant as to the actual retail price of the goods.
B. (1) Whoever commits the crime of theft of goods when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft or theft of goods two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than one thousand dollars, or both.
(4) When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.
The trial testimony established that defendant entered a Solo Department Store, grabbed eight coats, each priced at $47.99, and ran out of the store. He was chased and apprehended outside the store by an off-duty police officer and a security *450 guard hired by Solo. The merchandise was recovered and, based on the sale price valued at $383.92. Thus, the evidence was sufficient to establish defendant committed a theft of goods valued at between one hundred and five hundred dollars. LSA-R.S. 14:67.10(B)(2); see State v. Hudgins, 400 So.2d 889 (La.1981). His conviction is affirmed.
Pursuant to LSA-R.S. 15:529.1, defendant was found to be a fourth felony offender and sentenced to imprisonment at hard labor for life, without benefit of probation or suspension of sentence. In determining whether convictions are applicable for purposes of the habitual offender statute, LSA-R.S. 15:529.1(C) provides:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
Maximum sentence in this statute means the actual term of supervision so that the five year period begins from the date of defendant's actual discharge. State v. Anderson, 349 So.2d 311 (La.1977); State v. Wright, 509 So.2d 784 (La.App. 5th Cir.1987).
Defendant's prior convictions occurred in 1983, 1984 and 1987. On April 28, 1983, defendant pled guilty to theft of merchandise valued at $107.99 and was sentenced to six (6) months in prison with credit for time served. (State's exhibit 5). On September 16, 1983, defendant pled guilty to theft of merchandise valued at $56.94 and was sentenced to ninety (90) days in prison with credit for time served. (State's exhibit 4). On May 24, 1984, defendant pled guilty to R.S. 14:67, theft of less than $500.00 and was sentenced to six (6) months in prison with credit for time served. (State's exhibit 7). On March 19, 1987, defendant pled guilty to possession of cocaine and was sentenced to one year at hard labor, with credit for time served. (State's exhibit 6).
Although the State presented no evidence as to defendant's actual discharge from custody for the above convictions, it is apparent that his release from custody for the 1983 convictions was more than five (5) years prior to the commission of the instant offense, October 26, 1989, and thus could not be used as a basis for enhancement pursuant to LSA-R.S. 15:529.1(C). Because defendant's adjudication as a fourth felony offender is not supported by the record, we vacate the sentence and remand for resentencing. Since his sentence is vacated, we decline to pass on other alleged sentencing errors.
Finally, defendant alleges comments made by the trial judge showed prejudice and requests this matter be assigned to a new judge on remand. Because defendant failed to make an oral or written motion for recusal in the district court, this alleged error is waived. State v. Crothers, 278 So.2d 12 (La.1973); cert. denied, Crothers v. Louisiana, 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973).
Our review of the record for errors patent reveals none.
For the foregoing reasons, defendant's conviction is affirmed and his sentence is vacated. This matter is remanded to the district court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.