609 So.2d 993 (1992)
STATE of Louisiana
v.
Louis WILLIAMS a/k/a Larry Williams.
No. 92-KA-623.
Court of Appeal of Louisiana, Fifth Circuit.
November 24, 1992.
Writ Denied March 12, 1993.
*994 John D. Rawls, Staff Appellate Counsel, 24th Judicial District Court, Indigent Defender Bd., Gretna, for appellant/defendant Louis Williams a/k/a Larry Williams.
John M. Mamoulides, Dist. Atty., Barron C. Burmaster, Asst. Dist. Atty., Research & Appeals, Lawrence Alterman, Asst. Dist. Atty., 24th Judicial District Court, Gretna, for appellee State of Louisiana.
Before BOWES, GRISBAUM, and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Louis Williams, appeals from his adjudication as a fourth felony offender and sentence to life imprisonment, without benefit of probation or suspension of sentence. For the reasons which follow, we vacate the adjudication and the sentence and remand.
This case came before this court previously on direct appeal following defendant's conviction for theft of goods valued at $383.92, in violation of La.R.S. 14:67.10, and sentence, as a fourth felony offender, to life imprisonment. State v. Williams, 580 So.2d 448 (La.App. 5th Cir.1991). This court affirmed the conviction and vacated the sentence, remanding the case to district court for resentencing. Rehearing was denied and writs to the Supreme Court were not sought. The court held that the defendant's 1983 convictions could not be used to support his adjudication as a fourth felony offender.
On remand, on September 4, 1991, the district court took up the multiple bill hearing. In spite of our ruling in State v. Williams, supra, the district court used case # 83-917 of the 24th Judicial District Court, one of the 1983 convictions cited in our prior opinion, to adjudicate the defendant as a fourth felony offender and thereby enhance his sentence. The court then sentenced the defendant to life imprisonment, without benefit of probation or suspension of sentence.
Defendant argues that the trial court erred in finding that he was a fourth felony offender. He contends that this court's original opinion held that his 1983 convictions could not be used to enhance his sentence. He argues that the matter was final and the trial court erred in again relying on a 1983 conviction to enhance his sentence.
The state argues that our original opinion was incorrect, that the 1983 convictions can be used to support the multiple bill and that the trial court was correct in using one of them.
When this case was before this court originally, we reviewed the multiple offender proceedings and held:
In determining whether convictions are applicable for purposes of the habitual offender statute, LSA-R.S. 15:529.1(C) provides:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
Maximum sentence in this statute means the actual term of supervision so that the five year period begins from the date of defendant's actual discharge. State v. Anderson, 349 So.2d 311 (La. 1977); State v. Wright, 509 So.2d 784 (La.App. 5th Cir.1987).
Defendant's prior convictions occurred in 1983, 1984 and 1987. On April 28, 1983, defendant pled guilty to theft of merchandise valued at $107.99 and was *995 sentenced to six (6) months in prison with credit for time served. (State's exhibit 5). On September 16, 1983, defendant pled guilty to theft of merchandise valued at $56.94 and was sentenced to ninety (90) days in prison with credit for time served. (State's exhibit 4). On May 24, 1984, defendant pled guilty to R.S. 14:67, theft of less that $500.00 and was sentenced to six (6) months in prison with credit for time served. (State's exhibit 7). On March 19, 1987, defendant pled guilty to possession of cocaine and was sentenced to one year at hard labor, with credit for time served. (State's exhibit 6).
Although the State presented no evidence as to defendant's actual discharge from custody for the above convictions, it is apparent that his release from custody for the 1983 convictions was more than five (5) years prior to the commission of the instant offense, October 26, 1989, and thus could not be used as a basis for enhancement pursuant to LSA-R.S. 15:529.1(C). (emphasis provided).
Notwithstanding the clear expressions of this court, on remand, the state again relied on the original bill of information, charging defendant as a habitual offender based on the April 28, 1983 conviction. At the hearing, the state introduced the record and exhibits from the previous hearing, again. This included the April 28, 1983 conviction. The state introduced no new evidence and rested. Citing this court's opinion, defense counsel objected to the use of the 1983 conviction. Using the April 28, 1983 conviction, the district court adjudicated the defendant a fourth felony offender and sentenced him to life imprisonment.
In State v. Junior, 542 So.2d 23 (La.App. 5th Cir.1989) this court held that "[u]nder the principle of `law of the case' an appellate court will not, on subsequent appeal, reconsider prior rulings in the same case." The court noted that this "policy applies against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court.... One reason for imposition of the doctrine is the avoidance of indefinite relitigation of the same issue; but it will not be applied in cases of palpable former error."[1] We find this doctrine applicable herein.
The parties before us now are the same as those involved in the previous appellate decision of this court. Rehearing was denied and the state, if it felt it was adversely affected by our decision, was free to seek writs to the Louisiana Supreme Court, but declined. The matter was briefed, argued and considered by this court. The parties had their day in court. On remand, no new evidence was introduced concerning these convictions. Rather, the state rested on the transcript and exhibits which had been introduced before our prior ruling. The state is attempting to relitigate the exact same issue that has already been ruled on. Following State v. Junior, supra, we will not reconsider this court's prior ruling.
Thus, on remand, absent new evidence, the trial court was bound by the decision of this court that "the 1983 convictions ... could not be used as a basis for enhancement pursuant to LSA-R.S. 15:529.1(C)." The trial court used one of the 1983 convictions to support the finding that defendant was a fourth felony offender. For the reasons stated above, it was error to do so. Additionally, the state did not bear its burden of proof concerning the five year *996 cleansing period after each felony conviction.
Accordingly, defendant's adjudication as a fourth felony offender and sentence are vacated. The case is remanded to the district court to resentence defendant in accordance with the ruling herein.
ADJUDICATION AND SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Although not expressed, this court's earlier ruling in Williams was based on the conclusion that La.R.S. 15:529.1(C) prohibits the use of a conviction where more than five years have elapsed between the expiration of the maximum sentence on the prior conviction and the commission of the present offense. This view, while not followed in all appellate circuits, has been expressed by the Louisiana Supreme Court in State v. Montana, 332 So.2d 248 (La.1976) and has been held in the Third Circuit, State v. Robinson, 549 So.2d 1282 (La.App. 3rd Cir. 1989); State v. Sanders, 542 So.2d 1134 (La.App. 3rd Cir.1989); State v. Lambert, 475 So.2d 791 (La.App. 3rd Cir.1985), writs denied, 481 So.2d 1345 (La.1986), and in the Second Circuit, State v. Roquemore, 574 So.2d 473 (La.App. 2nd Cir. 1991), writs granted in part on other grounds, 580 So.2d 912 (La.1991). Therefore, notwithstanding State v. Broussard, 34 So.2d 883 (La. 1948), rendered prior to the amendment to La. R.S. 15:529.1(C), (La. Acts 312, 1956), holding to the contrary, there is no "palpable error" in Williams.