639 So.2d 458 (1994)
STATE of Louisiana
v.
Victor GAINES.
No. 93 KA 1554.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*459 Brent Stockstill, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State.
David Price, Office of Public Defender, Baton Rouge, for defendant-appellant Victor Gaines.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
Following a jury trial, Victor Gaines was convicted of armed robbery and first degree robbery, and the court imposed sentence on each count. Defendant appealed, and this court affirmed the convictions and sentences. State v. Gaines, No. 93-KA-0009, 633 So.2d 293 (La.App. 1st Cir. 11/24/93), writ denied, 93-3164; 634 So.2d 839 (La. 3/11/94). While the appeal was pending, the state filed a bill of information charging defendant as a third felony habitual offender on his conviction for armed robbery. See LSA-R.S. 15:529.1. After a hearing, the court found defendant to be a third felony offender, vacated the sentence previously imposed on the armed robbery count, and sentenced him on that count to serve a term of seventy years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant appealed, urging in a single assignment of error that the court erred when it adjudged him to be a third felony habitual offender. In particular, defendant argues (as he did before the trial court) that the five-year cleansing period contained in LSA-R.S. 15:529.1 C expired before commission of the armed robbery.
In the habitual offender bill, the state alleged that, in addition to being convicted of the instant armed robbery offense in 1992, defendant also had been convicted in 1984 of simple burglary of an inhabited dwelling and in 1986 of armed robbery. Testimony and exhibits introduced by the state at the habitual offender hearing established that, on June 11, 1984, defendant pled guilty to simple burglary of an inhabited dwelling in the Twenty-Fourth Judicial District Court, and the court sentenced him to serve a term of eighteen months imprisonment at hard labor. According to defendant's trial testimony (which was introduced at the habitual offender hearing), he served one year of this eighteen-month sentence. On April 10, 1986, defendant pled guilty to armed robbery in the Orleans Criminal District Court for an offense occurring on January 24, 1986, and the court sentenced him to serve a term of seven years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Records from the Department of Public Safety and Corrections indicate that defendant was released from custody on this charge on March 13, 1991, and was to remain under parole supervision until June 18, 1993. At the trial, defendant admitted that he was released from custody on this conviction on March 13, 1991. Court records from defendant's most recent convictions show that he committed the offense of armed robbery on April 17, 1992. It is on this recent armed robbery conviction that the state sought to have defendant sentenced as a third felony habitual offender.
The habitual offender statute contains a five-year cleansing period:
This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
LSA-R.S. 15:529.1 C. The date of actual discharge from the state's custody, whether extended through revocation of parole or shortened by law due to "good time" diminution of the initial sentence, is the controlling *460 date for determining the expiration of the predicate felony. State v. Johnson, 552 So.2d 807, 809-10 (La.App. 1st Cir.1989). If less than five years have elapsed between the defendant's conviction on a predicate felony and his commission of a subsequent predicate felony, the state need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. See State ex rel. Clark v. Marullo, 352 So.2d 223, 230 (La.1977); State v. Sanders, 542 So.2d 1134, 1137 (La.App. 3rd Cir.1989).
Focusing upon the five-year cleansing period contained in LSA-R.S. 15:529.1 C, defendant maintains that, because the expiration of the maximum sentence on the first predicate felony conviction (which would have been no later than December 11, 1985, assuming no earlier release on the eighteen month sentence) expired more than five years before commission of the instant offense (April 17, 1992), the court erred when it relied upon the first predicate conviction to adjudicate defendant a third felony offender. Relying on State v. Williams, 609 So.2d 993 (La.App. 5th Cir.1992), writ denied, 613 So.2d 992 (La.1993), defendant argues that the state cannot "piggyback" felony convictions in order to avoid the five-year cleansing period. In State v. Williams, 609 So.2d at 995, n. 1, our brethren of the Fifth Circuit stated that "La.R.S. 15:529.1(C) prohibits the use of a conviction where more than five years have elapsed between the expiration of the maximum sentence on the prior conviction and the commission of the present offense." When read in connection with facts discussed in the court's earlier opinion in the same case, State v. Williams, 580 So.2d 448 (La.App. 5th Cir.1991), the Fifth Circuit appears to hold that, in order to use the predicate offense for enhancement, the expiration of the maximum sentence of each of the predicate felony convictions must be within five years prior to commission of the instant offense which is being enhanced. (The Williams court did not discuss the possibility that time spent in custody as a result of subsequent convictions should be excluded from that five-year time period.) The court in Williams, 609 So.2d at 995, n. 1, cited State v. Montana, 332 So.2d 248 (La.1976) as its authority. In Montana, the supreme court implied that, if the expiration of the maximum sentence for any of the prior convictions has elapsed more than five years prior to the instant offense, then the prior conviction cannot be used to enhance the instant sentence. State v. Montana, 332 So.2d at 250. See also State v. Lambert, 475 So.2d 791, 797 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1345 (La.1986).
While we recognize that some of the language in Montana offers support for the Fifth Circuit's interpretation of Subsection C, we note that the main issue in Montana was the sufficiency of the state's proof that the defendant was the same person who previously had been convicted. The issue before the court was not about the application of the five-year cleansing period. In State v. Broussard, 213 La. 338, 34 So.2d 883 (1948), the supreme court construed Acts 1942, No. 45, § 2 (consisting of the same language now contained in the first sentence of LSA-R.S. 15:529.1(C) to mean "that the statute shall not be applicable where a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next previous felony conviction." State v. Broussard, 34 So.2d at 885. The defendant in Broussard had been found to be a fourth felony offender. Although the fourth felony offense occurred more than five years after the expiration of the maximum sentence imposed on the first felony conviction, the court affirmed the defendant's adjudication as a fourth felony offender.
Consistent with the position taken by the supreme court in Broussard, in State v. Porter, 533 So.2d 112 (La.App. 4th Cir.1988), our brethren of the Fourth Circuit stated:
[I]f a defendant is sought to be found a triple offender then no more than five years can have elapsed between the first and second felony convictions, and between the second and third convictions excluding time served, although more than five years may have elapsed between the first and third convictions.
State v. Porter, 533 So.2d at 114 (citing State v. Mistretta, 490 So.2d 462, 464-65 (La.App. 4th Cir.1986)). See also State v. Roquemore, *461 574 So.2d 473, 477 (La.App. 2nd Cir.), writ granted in part on other grounds, 580 So.2d 912 (La.1991) (court of appeal affirmed the defendant's adjudication as a fourth felony habitual offender despite the fact that more than five years had elapsed between the defendant's release on the first and second felony convictions and the commission of the most recent felony).
In the instant case, although defendant's discharge on the first felony conviction occurred more than five years before his commission of the instant armed robbery conviction, because his commission of the second felony was within five years of his discharge on the first conviction and his commission of the instant felony was within five years of his discharge on the second felony, the five-year cleansing period of Subsection C does not preclude defendant's adjudication as a third felony offender. See State v. Richardson (La.App. 1st Cir.1994); 637 So.2d 709. We believe that the decisions of the Third and Fourth Circuits are correct interpretations of LSA-R.S. 15.529.1 C. In so ruling, we decline to follow the decision of the Fifth Circuit in Williams. We find no merit in defendant's assignment of error.

PATENT ERROR
In reviewing the record for patent error, we have found error in the sentence. The trial court did not give defendant credit for time served. See LSA-C.Cr.P. art. 880. Accordingly, we amend the sentence to reflect that defendant is to be given credit for any time served prior to execution of his sentence. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the trial court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE AFFIRMED, AS AMENDED; REMANDED WITH ORDER.