|2GONZALES, Judge.
The defendant, Clarence Barber, was charged by bill of information with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2.[2] He pled not guilty, and after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a fifth felony habitual offender. The defendant received a sentence of thirty years at hard labor, with credit for time served. The defendant has separately appealed his sentence. See State v. Barber, docket number 94 KA 0610, 655 So.2d 816 (La.App. 1 Cir.), also decided this date. In this appeal, which concerns only the habitual offender adjudication, the defendant alleges the following three assignments of error:
1. The trial court erred in allowing State Exhibit 1 to be introduced into evidence.
2. The trial court erred in allowing State Exhibit 7 to be introduced into evidence.
3. The trial court erred in adjudicating the defendant to be a fourth felony habitual offender.
Assignments of error numbers one and two were not briefed on appeal, and therefore, are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NUMBER THREE

In this assignment of error, the defendant contends that the trial court erred in finding him to be a fourth felony habitual offender.[3] The defendant does not contest the Igproof of the predicate felony convictions or his identification as the same person who committed these predicate convictions. Instead, he contends that he should have been adjudged a second felony offender because only one of the predicate convictions occurred within the five-year cleansing period provided in La.R.S. 15:529.1(C).[4] The defendant argues that the State cannot “piggyback” predicate felony convictions in order to avoid the five-year cleansing period. In support of this proposition, the defendant relies on State v. Williams, 609 So.2d 993, 995 n. 1 (La.App. 5th Cir.1992), writ denied, 613 So.2d 992 (La.1993). However, this Court has specifically considered, and rejected, such an argument. See State v. Gaines, 93-1554 (La.App. 1st Cir.1994), 639 So.2d 458, writs denied, 94-1921 (La.1994), 644 So.2d 1058 and 94-1980 (La.1994), 644 So.2d 1058. See also State v. Richardson, 91-2339 (La. App. 1st Cir.1994), 637 So.2d 709, 713-715. Therefore, as noted in Gaines and Richardson, although the defendant’s discharge on the older predicate felony convictions occurred more than five years before his commission of the instant offense, because the individual five-year cleansing periods between each of the predicate convictions did not elapse, it does not matter that a total of more than five years elapsed between the older predicate felony convictions and the commission of the instant offense.
However, because we have discovered a patent error in the habitual offender bill of information, we must vacate the habitual of *742 fender adjudication and sentence. Paragraphs nine through eleven of the habitual offender bill of information contained the defendant’s simple burglary convictions from Ascension Parish. These three offenses, which were treated as one predicate felony conviction, occurred on September 9, 1976. The defendant pled guilty to these three offenses on November 7, 1978, and he was sentenced on the Usame date. However, paragraph twelve of the habitual offender bill of information contains the defendant’s sexual abuse conviction from Jefferson County, Texas. This offense was committed on December 9, 1976. The defendant pled guilty on November 8, 1977, and he was sentenced on the same date. Therefore, the Texas sexual abuse offense was committed after the commission of the Ascension Parish simple burglaries, but before the defendant’s conviction for those burglaries; thus, the Texas sexual abuse predicate felony conviction did not fall within the proper sequencing of predicate convictions for purposes of La.R.S. 15:529.1. See State ex rel. Mims v. Butler, 601 So.2d 649, 650 (La.1992) (on rehearing). Therefore, we conclude that the trial court incorrectly adjudicated the defendant to be a fifth felony habitual offender.

DECREE

Accordingly, defendant’s conviction is AFFIRMED; the instant habitual offender adjudication and sentence are VACATED, and the case is REMANDED WITH INSTRUCTIONS that the trial court enter a judgment adjudicating the defendant to be a fourth felony habitual offender. Thereafter, the trial court shall resentence the defendant in accordance with the law in effect on the date of the instant offense, i.e., La.R.S. 15:429.1(A)(3), prior to its 1993 and 1994 amendments.

. The bill of information incorrectly cited La.R.S. 14:62.3 as the statutory citation. Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Jordan, 489 So.2d 994, 998 (La.App. 1st Cir.1986). The defendant did not object to this erroneous statutory citation, nor did he express any doubt as to the nature of the charge against him. The defendant was not misled by this erroneous statutory citation, and therefore, this patent error is not reversible.

.La.R.S. 15:529.1(C), as amended by Acts 1994, 3rd Ex.Sess., No. 85, Sec. 1, now provides for a seven-year cleansing period.