I í SAUNDERS, Judge.
Defendant appeals the conviction of first degree robbery, a violation of La.R.S. 14:64.1. Defendant was classified as a habitual offender, a violation La.R.S. 15.529.1 and sentenced to fifty (50) years at hard labor, without benefit of probation, parole or suspension of sentence. We affirm.

FACTS

On June 6, 1986, the defendant, Dolph Finley, entered the Rapides Bank in Alexandria, Louisiana, and told the teller, Susie Mae Washington, that “this is an armed robbery, give me all of your money and you better not push any alarm.” The defendant handed Ms. Washington a brown paper bag. Ms. Washington put “bait looney” in the bag as well as an exploding dye pack. A silent alarm was also engaged. The defendant exited the bank and proceeded down the street on a bicycle. Red smoke was emanating from the paper bag as the dye pack had exploded. The defendant stopped at a local meat company where he asked to use the bathroom. After the defendant purchased some meat, an employee of the meat company gave him a ride home. The employee subsequently heard of the robbery and went to the Rapides Bank and led the police to the house where he took the defendant. The defendant was apprehended and the dye marked bait money recovered. Red dye stains were on the defendant’s hands and abdomen. Defendant was identified by both photographic and live line-ups as the person who robbed the bank.

PROCEDURAL HISTORY

Defendant, Dolph Finley, was charged by bill of indictment with first degree robbery, a violation of La.R.S. 14:64.1. On July 18, 1986, defendant appeared in court with counsel, waived formal arraignment, and entered a plea of not guilty as charged. Trial by jury *777 began on January 13, 1987. On January 14, 1987, the jury returned a verdict of guilty as charged. The State filed a habitual offender bill on February 12,1987. A habitual offender hearing was held on March 13, 1987, whereupon the court found the defendant to be a multiple offender. On December 12, 1994, defendant filed a Motion to Reconsider Sentence, which motion also asked for an out-of-time-appeal. Defendant was granted the out-of-time-appeal on February 17, 1995.
Appellate counsel thoroughly reviewed the record and has submitted a brief stating that he has found no non-frivolous issues to be raised on appeal. Appellate counsel has filed a Benjamin/Anders Motion to Withdraw. Defendant was given the opportunity to file a brief on his own behalf and has done so. Accordingly, we will ^address defendant’s pro se assignments of error and review defendant’s appeal for errors patent as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ERRORS PATENT

After review of the record, we find several errors patent.
La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, this court will amend the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required; however, this court remands the case and orders the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561.
La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the trial court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription is not yet running. Apparently, the purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the |4defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.1993).[1]
We note the defendant was not informed of his right to remain silent at the habitual offender hearing held on March 13, 1987. However, as the defendant remained silent throughout the proceedings and the state put on competent evidence that the defendant was the same person convicted of two prior felonies, this error is harmless. See State v. Hodges, 94-898 (La.App. 3 Cir. 3/1/95), 651 So.2d 487.
We also note the trial judge failed to articulate whether he found the defendant to be a second or third felony offender. Pursuant to La.R.S. 15:529.1, upon a second felony conviction, the defendant is subject to imprisonment of not less than thirteen and one-third years and not more than eighty years. As a third felony offender, the defendant would be subject to imprisonment of not less than twenty years nor more than eighty years. The trial judge sentenced the defendant to fifty years, and the record is not clear whether he found the defendant to be a second or third felony offender. However, *778 we find this to be harmless error under our holding in State v. Jones, 606 So.2d 81 (La. App. 3 Cir.1992). In Jones the court stated:
Insofar as the maximum sentence would be the same for a second and third felony-offender, we find the court’s failure to specify whether the defendant is being sentenced as a second or third felony offender is harmless error.
State v. Jones, 606 So.2d at 82.
Therefore, because the maximum sentence is eighty years for both second and third felony offenders, the trial court’s failure to specify whether defendant was a 1(¡second or third offender is harmless error and irrelevant to any of the issues raised by the defendant.

ASSIGNMENT OF ERROR

Appellate counsel has complied with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel’s review of the procedural history and the facts of the ease indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, there are no non-frivolous issues to be raised on appeal. A copy of counsel’s brief was forwarded to the defendant and the defendant was informed he had a right to file a brief on his own behalf. The defendant has filed a pro se brief alleging three assignments of error.
In accordance with Benjamin, 573 So.2d at 528, this court has performed an independent, thorough review of all the pleadings filed in district court, all minute entries of the district court proceedings, the bill of indictment and the pertinent transcripts contained in the appellate record. The defendant was properly charged by bill of indictment with first degree robbery, a violation of La.R.S. 14:64.1. The bill of indictment was signed by the assistant district attorney and the grand jury foreperson. The defendant was represented by counsel at each stage of the proceedings. The jury returned a verdict of guilty of first degree robbery, a violation of La.R.S. 14:64.1. Defendant was found to be a habitual offender and was sentenced to fifty years at hard labor without benefit of probation, parole or suspension of sentence. We hold defendant’s sentence is not unconstitutionally excessive and is legal in every respect.
| ePro Se Assignment of Error No. 1
Defendant contends the trial court erred in allowing illegally seized evidence to be introduced at trial.
Defendant argues that no exigent circumstances were present which would allow for the warrantless search of the home in which he was apprehended, especially when the police were refused entry by the owner. Defendant contends he was in view of police officers at all times and did not take any actions which could have been considered an attempt to destroy evidence. Thus, the house was secure and there were no circumstances present which would indicate that evidence was in imminent danger of being destroyed or removed.
Detective John Ritchie of the Alexandria Police Department testified that he received a dispatch concerning the armed robbery about 12:30 p.m. Detective Ritchie arrived at the Rapides Bank about 12:35 p.m. Mr. Samuel Williams of M & M Meat Company arrived at the bank and told Detective Rit-chie that he had given a ride to an individual who matched the description of the bank robber. The individual asked to use the bathroom at the meat company and, after purchasing some meat, asked for a ride home as he was unable to carry the meat on his bicycle. A bicycle with what appeared to be red dye on the handlebars was found at M & M Meat Company. Inside the company bathroom the police located a paper bag that smelled like tear gas. Mr. Williams accompanied the police to the location where he had last seen the defendant. Detective Rit-chie testified it was about 12:50 p.m. when Mr. Williams pointed out the house where he dropped off the defendant. Detective Rit-chie and several other officers surrounded the house. One officer went to the front of the house and contacted the woman that owned the house. She denied the police the opportunity to enter the house without a *779 warrant. Detective Ritchie was at the back |7of the house and noticed the defendant enter the bathroom. Due to the exigent circumstances he believed existed at the time, Detective Ritchie entered the house around 1:30 p.m. The defendant was apprehended along with a paper bag containing several hundred dollars in bills that were burnt and stained with red dye. After the house was secure a search warrant was obtained. The subsequent search turned up clothing and sunglasses that matched the description given by the bank teller.
It is well settled that before the police may conduct a search of a home, they must obtain a search warrant. La.Code Crim.P. art. 162; La. Const. Art. 1, Sec. 5. However, in United States v. Rubin, 474 F.2d 262 (3 Cir.1973), that court recognized that an exception to the warrant requirement for entry into a building exists for a quick search of the premises to determine the presence of persons in need, the presence of a perpetrator who might still be on the premises, or to prevent the destruction of evidence. In Rubin, the court set forth the following pertinent factors necessary to justify a warrant-less intrusion into a residence to secure the premises in order to prevent the destruction of evidence: (1) the degree of urgency involved and the amount of time needed to secure a warrant; (2) a reasonable belief that contraband is about to be removed; (3) the possibility of danger to the officers guarding the site while a warrant is sought; (4) information indicating the possessors of the contraband are aware the police are on their trail; and (5) the fact that destruction of contraband and escape are characteristic of illegal activities.
We find that the officers were justified in entering the residence where the defendant was located. The evidence revealed that a person matching the description of the suspect entered the bathroom of M & M Meat Company. A paper bag that smelled of tear gas was found inside and a bicycle with red dye on the handlebars was found outside the meat company. This same person was driven to 711 Bogan Street |8by an employee of the meat company. The police arrived at the Bogan Street residence less than an hour after the armed robbery and were denied entry. Detective Richie could see the suspect inside the dwelling. The suspect was believed to be armed. After the suspect entered the bathroom, there was every reason to believe that the evidence could have been destroyed as the suspect was alerted to the presence of the police. Thus, even if a motion to suppress had been filed in accordance with La.Code Crim.P. arts. 521 and 703, the trial court would have been correct in denying the motion. Accordingly, there was no error on the part of the trial court in allowing the evidence seized at the residence to be admitted at trial.
For the foregoing reasons, this assignment of error lacks merit.

Pro Se Assignment of Error No. 2

Defendant contends trial counsel was ineffective for failing to properly investigate and properly prepare for trial. Specifically, defendant argues that counsel was ineffective for allowing “illegally obtained evidence” to be introduced at trial, for falling to object to the “inadequate procedures at the Habitual Offender Proceedings,” and for failing to notice that a prior conviction used in determining that the defendant was a habitual offender was “past the five year cleansing period” provided for in La.R.S. 15:529.1.
The defendant has assigned as error ineffective assistance of counsel, however, a claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue |9should be considered. Accordingly, this court will address defendant’s claim of ineffective assistance of counsel.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was *780 ineffective, the defendant must meet the two-prong test enunciated by the Supreme Court. First, the defendant must show that counsel’s performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert, denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel a defendant must demonstrate that his attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648,104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Defendant’s first two allegations have already been addressed in our Error Patent review and in Pro Se Assignment of Error No. 1. We found both issues meritless. Defendant has failed to show how he was prejudiced by counsel’s failure | i0to address these issues at trial. As for the third issue raised by the defendant concerning the five year cleansing period, we find it also lacks merit.
The defendant fails to adequately brief this issue, but this court assumes the defendant is arguing that his 1967 burglary conviction should not have been considered in his habitual offender hearing as it occurred more than five years from the present offense. The record reveals that the defendant was convicted of burglary in 1967 and was sentenced to three years. Due to a parole violation, the defendant was not discharged until April 10,1971. In 1971 he was arrested for armed robbery and was sentenced to thirty years. He obtained good time release on May 18, 1986. The present offense occurred on June 6, 1986.
Effective at the time of trial, pre-amended La.R.S. 15:529.1(0 contains a five-year cleansing period which provides as follows:
This Section shall not be applicable in eases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
In State v. Lewis, 576 So.2d 1106 (La.App. 3 Cir.), writ denied, 580 So.2d 669 (La.1991), this court was presented with the following sequence of convictions, release dates, and subsequent offenses of a defendant and found that the five-year period required by La.R.S. 15:529.1(0 had not lapsed.
The defendant in Lewis was convicted of two offenses in October of 1976 and was discharged from both sentences in July of 1980. Defendant was subsequently convicted in June of 1984 of two new offenses. Defendant was discharged from these sentences in August of 1988. The defendant committed the new offense in March of 1989. Thus, even after adding the years of crime free time together, the defendant did | nnot have five years of crime free time. This method of “adding together” the crime-free time between offenses to reach the five year cleansing period has also been employed by the fifth circuit. See State v. Williams, 609 So.2d 993 (La.App. 5 Cir.1992), writ denied, 613 So.2d 992 (La.1993). However, the method formerly utilized by this court to calculate the cleansing period was at variance with that employed by other circuit courts and by the Louisiana Supreme Court and it is incumbent upon us to follow the ruling of the Supreme Court in this matter.
*781 In State v. Gaines, 93—1554 (La.App. 1 Cir. 6/24/94), 639 So.2d 458, writ denied, 94—1921 (La. 11/4/94), 644 So.2d 1058, the first circuit addressed at length the five year cleansing period provided for in La.R.S. 15:529.1. The first circuit stated the following:
In State v. Williams, 609 So.2d at 995, n. 1, our brethren of the Fifth Circuit stated that “La.R.S. 15:529.1(0 prohibits the use of a conviction where more than five years have elapsed between the expiration of the maximum sentence on the prior conviction and the commission of the present offense.” When read in connection with facts discussed in the court’s earlier opinion in the same case, State v. Williams, 580 So.2d 448 (La.App. 5th Cir.1991), the Fifth Circuit appears to hold that, in order to use the predicate offense for enhancement, the expiration of the maximum sentence of each of the predicate felony convictions must be within five years prior to commission of the instant offense which is being enhanced. (The Williams court did not discuss the possibility that time spent in custody as a result of subsequent convictions should be excluded from that five-year time period.) The court in Williams, 609 So.2d at 995, n. 1, cited State v. Montana, 332 So.2d 248 (La.1976) as its authority. In Montana, the supreme court implied that, if the expiration of the maximum sentence for any of the prior convictions has elapsed more than five years prior to the instant offense, then the prior conviction cannot be used to enhance the instant sentence. State v. Montana, 332 So.2d at 250. See also State v. Lambert, 475 So.2d 791, 797 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1345 (La.1986).
While we recognize that some of the language in Montana offers support for the Fifth Circuit’s interpretation of Subsection C, we note that the main issue in Montana was the sufficiency of the state’s proof that the defendant was the same person who previously had been convicted. The issue before the court was not about the application of the five-year cleansing period. In State v. Broussard, 213 La. 338, 34 |i2So.2d 883 (1948), the supreme court construed Acts 1942, No. 45, § 2 (consisting of the same language now contained in the first sentence of LSA-R.S. 15:529.1(0 to mean “that the statute shall not be applicable where a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next previous felony conviction.” State v. Broussard, 34 So.2d at 885. The defendant in Broussard had been found to be a fourth felony offender. Although the fourth felony offense occurred more than five years after the expiration of the maximum sentence imposed on the first felony conviction, the court affirmed the defendant’s adjudication as a fourth felony offender.
Consistent with the position taken by the supreme court in Broussard, in State v. Porter, 533 So.2d 112 (La.App. 4th Cir. 1988), our brethren of the Fourth Circuit stated:
[I]f a defendant is sought to be found a triple offender then no more than five years can have elapsed between the first and second felony convictions, and between the second and third convictions excluding time served, although more than five years may have elapsed between the first and third convictions.
State v. Porter, 533 So.2d at 114 (citing State v. Mistretta, 490 So.2d 462, 464-65 (La.App. 4th Cir.1986)). See also State v. Roquemore, 574 So.2d 473, 477 (La.App. 2nd Cir.), writ granted in part on other grounds, 580 So.2d 912 (La.1991) (court of appeal affirmed the defendant’s adjudication as a fourth felony habitual offender despite the fact that more than five years had elapsed between the defendant’s release on the first and second felony convictions and the commission of the most recent felony).
State v. Gaines, 639 So.2d at 460-461.
In State v. Richardson, 91-2339 (La.App. 1 Cir. 5/20/94), 637 So.2d 709, the court held that an offense is not cleansed unless five years of crime-free time has elapsed between the release date of that offense and the commission of the subsequent offense.
In State v. Broussard, 213 La. 338, 34 So.2d 883 (1948), the supreme court held that *782 prior convictions can be used to form the basis of habitual offender bills unless “a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next | ^previous felony conviction.” The court subsequently reaffirmed the holding in Broussard, 34 So.2d at 885, in State v. Badon, 338 So.2d 665 (La. 1976). There have been no material changes in the relevant provisions of the statute since Broussard was decided. Furthermore, the drafters of La.R.S. 15:529.1 intended for the five year cleansing period to apply only to a defendant who is able to live five years without being convicted of a felony. See Bennett, The Work of the Louisiana Supreme Court for the 1947-1948 Term — Criminal Law and Procedure, 9 La.L.Rev. 247, 271-72 (1949); Wilson, The Louisiana Criminal Code— Making the Punishment Fit the Criminal, 5 La.L.Rev. 53, 61-62 (1942). See also State v. Anderson, 349 So.2d 311 (La.1977). The Louisiana Supreme Court has interpreted La.R.S. 15:529.1(C) in State ex. rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982), wherein the Court stated:
... in order to use a prior felony offense to support a multiple offender adjudication there must not have intervened, before commission of another felony, a five year “cleansing” period, that is, five years between the end of the previous sentence and the commission of another felony. (Emphasis added).
Defendant in the case sub judice apparently contends that since the sentence on the first predicate felony conviction expired more than five years before the instant offense, the court erred in relying on the offense to adjudicate the defendant as a habitual offender. Although the defendant was discharged from the first felony conviction more than five years before the present offense, his commission of a second felony was within five years of his discharge on the first felony conviction and his commission of the instant felony was within five years of his discharge on the second felony conviction.
114This court is bound by the ruling in State v. Broussard, 34 So.2d 883. Accordingly, the five year cleansing period of La.R.S. 15:529.1(0) does not preclude the trial court from adjudicating the defendant as a second or third felony offender.
For the foregoing reasons, we find the trial court was correct in relying on defendant’s burglary conviction to adjudicate the defendant as a habitual offender.
For the foregoing reasons, this assignment of error lacks merit.

CONCLUSION

Based upon the record before this court, there are no non-frivolous assignments of error which could have been raised which would have arguably supported a basis for an assignment of error on appeal other than the four errors patent which do not affect the validity of the conviction or sentence. Therefore, we affirm the conviction and sentence and the granting of the Motion to Withdraw as Counsel of Record. Furthermore, the district court is directed to inform the defendant of the prescriptive period for post-conviction relief and to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED.

. In State ex ret Glover v. State of Louisiana, 93-2330 (La. 9/5/95), 660 So.2d 1189, the supreme court held the trial court’s failure to notify the defendant at the time of sentencing of the prescriptive period for filing a post-conviction relief application did not bestow an enforceable right upon the defendant. Thus, this court could choose to cease recognizing a trial court's failure to provide the 930.8 notice. However, the article specifically requires the trial court to give notice at sentencing.